## WALLERSTEIN v. GALLAGHER.

(District Court, E. D. Pennsylvania.   November 6, 1916.)

### No. 3934.

BANKRUPTCY ⬤⟶164—PREFERENCES—WHAT CONSTITUTES.

Defendant agreed to make a loan, provided she should receive a mortgage on given property, and delivered her check for the amount of the loan to her daughter. The daughter, who was affiliated with an insolvent corporation, delivered the money to the corporation; but the corporation could not give the required mortgage, and defendant demanded return of her money, which was made a few days thereafter. *Held* that, as defendant had delivered the money to her daughter, not as agent of the corporation, and as she promptly demanded return of her money claiming that no right to it had passed to the corporation, repayment did not constitute a preference, which could be set aside by the trustee on the corporation's bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 267; Dec. Dig. ⬤⟶164.]

At Law. Assumpsit by David Wallerstein, trustee, against Honora Gallagher. There was verdict for defendant. Sur rule for new trial. Rule overruled.

James McMullan and J. B. Colahan, 3d, both of Philadelphia, Pa., for plaintiff.

Arthur S. Minster, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. All questions before involved in this case have been razeed to one. This one question arises out of the special fact features of this case and does not readily lend itself to a statement in the form of an abstract principle. The question is raised by the fourth of the reasons for a new trial.

The action was to recover an alleged preferential payment made to defendant by the bankrupt within the prohibited period. One thing upon which the case was submitted by the trial judge rested upon a finding of this state of facts: The defendant was asked to make a loan or advancement of $10,000 to some one for some purpose. To whom or for what purpose the money was to be furnished does not appear with sufficient clearness to permit of its accurate statement in short compass. It is unimportant, because what the defendant consented to do is clear. She consented to part with the money on condition that she received a mortgage for a like sum on a designated property. She drew a check for the sum and confided it to her daughter, delivering it upon the like condition. Her daughter was connected with the bankrupt corporation as an officer or otherwise. She deposited the check in bank to the account and credit of the company. The mortgage was not given, and it developed that it would not, because it could not, be given. Thereupon the defendant demanded the return of her money and received back $9,000. It does not appear to whose order the check was drawn. It was drawn February 10, 1915. The deposit was made February 11th, and it was returned February 14th. The acts were

really closer together than the calendar indicates, because a Sunday and a bank holiday intervened. The prohibited transfer must of necessity (as well as by the language of the statute) have been a transfer of the property of the bankrupt. This suggested the question of whether this $10,000 ever was the money of the bankrupt. This, so far as a question of fact, was submitted to the jury to find, with instructions that if this money had never been the money of the company the verdict should be for the defendant. There were alternative findings submitted, but if it was error to submit this one, or the instruction was wrong, the plaintiff should have a new trial. Was there in this error? If there was, the error was fatal to the plaintiff, because the lay mind would not hesitate over the conclusion to be reached. Is this conclusion, however, in accord with legal principles?

It may be based arguendo upon the right of rescission. A conditional delivery may, at least under some circumstances, be revoked if the condition is not complied with. Let it be remembered that the instruction was coupled with the thought that the delivery of the check was to the daughter, not to the bankrupt, and that the selection of the company as the depositary was not the act of the defendant. It was not, therefore, a loan made to the company, on its credit, followed by a tardy change of heart and an attempt to undo what had been done. It was a stoppage in transitu. The expectation that a bank creditor of the company would have taken the money, had it not been withdrawn, we do not see affects the question, otherwise than to speed the withdrawal. No rights of this creditor had attached. To say that the rights of other creditors had attached is to beg the whole question. If the money remained the money of the defendant, the rights of no creditor had attached. It did so remain if she had the right to recall the handing of the check to her daughter. Nothing more is called for than the statement of our conclusion that she did have this right.

The other reasons for a new trial are not pressed. We have considered them, however. The other questions submitted to the jury were submitted under instructions more favorable to the plaintiff than an accurate statement of the law warranted. This was because, although one of the points submitted by plaintiff embraced an overstatement of the legal principle invoked, it was affirmed in the belief that an attempt to qualify it as applied to the facts of the case on trial would have probably only served to confuse the jury, and the qualification was not deemed to be of practical importance. The verdict has rendered it wholly so.

The rule for a new trial is discharged.